UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE SAIN,

      Petitioner,

v.                                                  Civil Action Number: 2:13-cv-10824
                                                    Honorable Victoria A. Roberts

KENNETH ROMANOWSKI,

      Respondent.

_____/

## OPINION AND ORDER GRANTING MOTION TO STAY HABEAS PROCEEDINGS AND ADMINISTRATIVELY CLOSING THE CASE AND DENYING MOTION TO APPOINT COUNSEL AS MOOT

### I. INTRODUCTION

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Duane Sain is incarcerated by the Michigan Department of Corrections in Muskegon, Michigan. He serves a life sentence for first-degree murder. Petitioner pleaded guilty in Wayne County Circuit Court. He was sentenced on March 18, 2010.

Petitioner filed this habeas petition on February 28, 2013, challenging the constitutionality of his conviction. He also filed a Motion to Stay. Petitioner asks the Court to hold his habeas petition in abeyance until he has had an opportunity to comply with the exhaustion requirements of 28 U.S.C. § 2254. He claims that he has new evidence regarding the effectiveness of both trial and appellate counsel and would like to return to state court to exhaust those claims with the new evidence obtained. Petitioner also filed a Motion to Appoint Counsel.

The Court grants Petitioner's Motion for a stay of his habeas proceedings. Given that decision, the Court, for now, denies his request for counsel.

### II. BACKGROUND

Following his sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals, raising claims concerning the admission of hearsay evidence, the prosecutor's conduct, the verdict forms, and the sufficiency of evidence. The Court of Appeals affirmed his conviction and sentence. *People v. Sain*, No. 297268, 2011 WL 3518212 (Mich. Ct. App. Aug. 11, 2011). Petitioner then filed an Application for Leave to Appeal with the Michigan Supreme Court, which was denied on December 28, 2011. *People v. Sain*, 490 Mich. 973; 806 N.W.2d 327 (2011) (unpublished table decision).

Petitioner has not filed any state court Motions. Rather, he filed his habeas petition, raising claims concerning trial court error, the prosecutor's conduct, and the sufficiency of the evidence.

### III. DISCUSSION

A habeas petitioner must exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A habeas petitioner is entitled to relief only if he or she can show that the state court adjudication of his or her claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The
state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he may present those claims in a federal habeas petition.

A prisoner who has not yet exhausted state court remedies may file a "'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 409, 416 (2005)

(citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). A federal court may grant the stay request, provided there is "good cause" for the failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Under the Michigan Court Rules, Petitioner may raise his unexhausted claims by filing a Motion for Relief from Judgment pursuant to Michigan's Court Rule 6.500 *et seq.*. This rule allows the trial court to appoint counsel, solicit a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing. Petitioner can then appeal the trial court's disposition of his Motion for Relief from Judgment to the Michigan Court of Appeals and Michigan Supreme Court. Thus, Petitioner's unexhausted claims should be addressed to, and considered by, the state courts first.

Petitioner sufficiently demonstrates the need for a stay. His claims are not exhausted, and the one year limitations period applicable to habeas actions would pose a problem for him if this Court dismissed the petition to allow further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d) (1). Further, Petitioner's claims do not appear to be "plainly meritless." *Rhines*, 544 U.S. at 277. Petitioner states that he did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel, and there is no indication of intentional delay.

### IV. CONCLUSION

For the reasons stated, the Court: (1) GRANTS Petitioner Sain's "Motion to Stay" [ECF No. 2]; and (2) DENIES his "Motion to Appoint Counsel" [ECF No. 4] as moot.

This action is stayed so Petitioner can exhaust his state court remedies on new claims. The stay is conditioned upon Petitioner presenting his unexhausted claims to the state courts within sixty (60) days of the date of this Order, if he has not already done so, and upon Petitioner

returning to this Court with an Amended Petition, using the same caption and case number, within sixty (60) days of exhausting the state remedies. If Petitioner fails to comply with these conditions, his case may be to dismissed.

    The Clerk of the Court is ordered to close this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

                                                     S/Victoria A. Roberts
                                                     Victoria A. Roberts
                                                     United States District Judge

Dated: March 21, 2013

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Duane Sain by electronic means or U.S. Mail on March 21, 2013.

S/Linda Vertriest
Deputy Clerk

---

4